# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **STEPHEN SUTTON**, *on behalf of himself and all others similarly situated* ) ) **Plaintiff,** ) ) v. ) ) **COMMUNITY HEALTH SYSTEMS, INC.,** ) *a Delaware Corporation, a/k/a CHS, Inc. and Dyersburg Ambulatory Corp,* ) **CHSPSC, LLC,** *a Delaware limited liability company*, *f/k/a Community Health Systems Professional Services Corporation, a/k/a Dyersburg Ambulatory Corp,* ) **KNOXVILLE HMA HOLDINGS, LLC,** ) *a Tennessee limited liability company, d/b/a Tennova Healthcare, LLC, a/k/a Dyersburg Ambulatory Corp,* ) **DYERSBURG HOSPITAL CORPORATION,** ) *a Tennessee Corporation, a/k/a Tennova Healthcare – Dyersburg Regional, Dyersburg Regional Medical Center, and Ambulance Service of Dyersburg,* ) **AMBULANCE SERVICES OF DYERSBURG, INC.,** *a Tennessee Corporation*, *f/k/a Dyersburg Regional EMS, d/b/a Tennova EMS*, **and DYERSBURG AMBULATORY CORP,** ) *a Tennessee Corporation,* ) ) ) ) **Defendants.** ) | **Civil Action, Case No.: 1:16-cv-01318** **JURY DEMANDED** |

## PLAINTIFFS' MOTION IN LIMINE NO. 3:
## TO EXCLUDE EVIDENCE OF AND ARGUMENTS ABOUT
## FAILING TO REPORT TIME WORKED
## AND MEMORANDUM IN SUPPORT

Plaintiffs move *in limine* to exclude arguments related to failing to report time worked, i.e. off-the-clock hours. This evidence and argument is misleading and unrelated to the factual and legal issues to be decided as part of this case. *See* Fed. R. Evid. 401. Therefore, the Court should exclude evidence of and/or argument about failing to report time worked because the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403.

In further support of this motion, Plaintiffs state as follows:

Defendants are EMTs/Paramedics whom Defendants assigned to work 24-hour shifts during the time period from December 16, 2013 through December 16, 2016. When Plaintiffs were working 24 hour shifts during this time period, Defendants excluded the eight (8) hour time period from 10:00 pm to 6:00 am/11:00 pm to 7:00 am from hours worked and treated this time as sleep time. Meaning that for the 8-hour sleep time period during the 24 hour period, Defendants paid Plaintiffs at $2.00 an hour for sleep time, unless Plaintiffs "clocked in" to perform duties that Defendants considered to be compensable work.

The general rule is that sleep time is compensable. Defendants relied on 29 C.F.R. § 785.22, which allows employers who schedule employees to work 24-hour periods or more to exclude sleep time from hours worked if three conditions are met: (1) there is an express or implied agreement to exclude sleep time from hours worked; (2) the employer furnishes adequate sleeping facilities, and (3) the employee can usually enjoy an uninterrupted nights' sleep. 29 C.F.R. § 785.22(a) (stating "where no expressed or implied agreement *to the contrary* is present, the 8 hours of sleeping time...constitute hours worked). Sleep time is compensable unless it meets the requirements of 29 C.F.R. § 785.22. *Beaston v. Scotland School for Veterans' Children*, 693 F.Supp. 234, 237 (M.D. Pa. Aug. 25, 1998). Under certain conditions, an

employee is considered to be working even though some of his time is spent in sleeping or in certain other activities.  29 C.F.R. § 785.20; *see e.g.*, *Giguere v. Port Res.,Inc.*, No. 2:16-cv-58-NT, 2018 U.S. Dist. LEXIS 70913 at *25 (Dist. Ct. Maine April 27, 2018)(since defendants affirmatively waived reliance on § 785.22 and thus failed to establish that it fit within a sleep time exception, defendant must be held to the general rule that sleep time is compensable); *Sidell v. Residential CRF*, No. 2010 U.S.Dist LEXIS 121635 at *15-16 (S.D. Ind. Nov. 12, 2010) (citing *Cunningham v. Gibson Co.*, 1997 U.S. App. LEXIS 5398, at *3 (6th Cir. March 18, 1997)(default position is that sleep time is compensable when employers require employees to be on duty).

   Because the general rule is that sleep time is compensable, all of Plaintiffs' sleep time is compensable.  Defendants must meet their burden to show that the exception applies.  Unless Defendants can show that it provided adequate sleeping facilities and that Plaintiffs could usually enjoy an uninterrupted night's sleep, the sleep time is compensable.  29 C.F.R. § 785.22(a).  Accordingly, whether some Plaintiffs reported some time as being interrupted, as defined by Defendants' sleep time policy, is irrelevant to the issue of whether Defendants met their obligation under the sleep time exception.  Whether or not Plaintiffs reported sleep time hours as hours worked does not make any fact supporting Plaintiffs' claim or Defendants' defenses any more or less probable.

    Defendants attempt to argue that Plaintiffs, by verifying their "time worked" as defined by Defendants' policies (not by the FLSA), admitted that they did not perform work during sleep time.  Likewise, Defendants argue that they could not know that Plaintiffs were performing work because Plaintiffs failed to report sleep time hours as hours worked, pursuant to Defendants' own policies and procedures. These arguments overlook two crucial points: First, since the general

rule is that sleep time is compensable, Plaintiffs need not show that they "performed work during sleep time." Second, Plaintiffs did not report the sleep time hours as hours worked pursuant to Defendants' own policy that "any time punch **WITHOUT** a ticket number will be investigated." (Sutton 00023). Defendants cannot hide behind the shield of so called policies when the policies do not comport with the FLSA. Evidence that Plaintiffs failed to report sleep time hours as hours worked will confuse and mislead the jury because the issue is not whether Plaintiffs worked off the clock; the issue is whether or not Defendants legally took the sleep time exemption. The matter before the Court is not an off-the-clock issue because (1) there is a record of the improperly compensated hours, and (2) by default, the sleep time hours at issue are compensable under the FLSA. Therefore, the Court should find evidence related to Plaintiffs' failure to report hours worked as either irrelevant or unfairly prejudicial and confusing to the jury.

Dated: July 3, 2018                                  Respectfully Submitted,

s/ Laura Ann E. Bailey

Bailey H. Dorsey, TN Bar No. 033664
Alan G. Crone, TN Bar No. 014285
Laura Ann E. Bailey, TN Bar No. 027078
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)
901.474.7926 (fax)
lbailey@cronelawfirmplc.com
acrone@cronelawfirmplc.com
bdorsey@cronelawfirmplc.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading was filed electronically and notice of such filing was made electronically to Defendants' Counsel listed below pursuant to the Electronic Case Filing Rules of the United States District Court for the Western District of Tennessee Eastern Division on July 3, 2018.

    Charles J. Mataya (BPR No.12710)
    John P. Rodgers (BPR No.30324)
    BRADLEY ARANT BOULT CUMMINGS LLP
    1600 Division Street, Suite 700
    Nashville, Tennessee 37203

*Attorneys for All Defendants*

                                                              s/ Laura Ann E. Bailey
                                                               Laura Ann E. Bailey